IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RICHARD J. FLORES**,

    Plaintiff,

v.

**KATE BROWN,** *et al.*,

    Defendants.

Case No. 3:23-cv-462-SB

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on May 21, 2024. Judge Beckerman recommended that this Court grant in part the State Defendants' Motion to Dismiss (ECF 58).[1] Judge Beckerman further

---

[1] The State Defendants are: former Oregon governor Kate Brown, Colette Peters, Heidi Steward, Tyler Blewett, Joe Bugher, Theron Rumsey, J. Ortiz, S. Ah yat, B. Garrett, D. Berg, A. Royer, Daniel Dewsnup, Shannon Johnston, J. Quick, P. Maney, C. Scott, J. Peterson, C. Peterson, T. Palmer, Louisiana, Michael Gower, M. Rhodes, N. Walsborn. C. Thurmond, A. Henderson, H. Coleman, S. Walker, E. Bradshaw, C. Dieter, T. Hazen, Gullick (identified in State Defendants' Motion to Dismiss as "Gulik"), J. Faulstich (identified in State Defendants' Motion to Dismiss as "Falstich"), Brandi Zavala, J.M. Aguiar, S. Johnson, Battle, Leland Beamer, Michele Davies, Kelly Drollinger, Warren Roberts, Dane Koznek, Cameron Wilson, Lonney New, Gina Melise, Phoung Faria, Jason Hanson, and the Inspector General (identified in State Defendants' Motion to Dismiss as "Ninman").

PAGE 1 – ORDER

recommended that this Court deny as moot Plaintiff's Motion for Partial Summary Judgment (ECF 40). No party has filed objections.

Under the Federal Magistrates Act (Act), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections, this Court follows the recommendation of the Advisory Committee and reviews Judge Beckerman's Findings and Recommendation for clear error on the face of the record. No such error is apparent. Accordingly, the Court ADOPTS Judge Beckerman's Findings and Recommendation (ECF 77). The Court GRANTS IN PART Defendants' Motion to Dismiss (ECF 8). The Court grants the motion as to Plaintiff's Claims

against the Oregon Department of Corrections, without leave to amend. The Court grants the motion as to Plaintiff's claims against all other State Defendants, with leave to amend. The Court DENIES as MOOT Plaintiff's Motion for Partial Summary Judgment (ECF 40). If Plaintiff believes he can cure the deficiencies in his First Amended Complaint as identified in Judge Beckerman's Findings and Recommendation, Plaintiff may file a Second Amended Complaint by July 15, 2024. If Plaintiff does not elect to do so, the Court will dismiss without prejudice Plaintiff's claims against the State Defendants.

**IT IS SO ORDERED**.

DATED this 14th day of June, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER